IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00226-MR
[CRIMINAL CASE NO. 1:97-cr-00203-MR-1]

ALEXANDER SHERMAN MCKENZIE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OF DECISION AND ORDER**

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, which was filed pursuant to 28 U.S.C. § 2255. [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as successive.

**I.    BACKGROUND**

On January 6, 1998, Petitioner pled guilty pursuant to a written plea agreement to armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count Two), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Three).[1] On

---

[1] The indictment charged Petitioner in Count One with robbery by force, violence and intimidation, in violation of 18 U.S.C. § 2113(a). This count was dismissed pursuant to

July 7, 1998, Petitioner was sentenced by the Honorable Lacy H. Thornburg to a term of 220 months' imprisonment for the armed robbery conviction and a mandatory, consecutive five-year term for the § 924(c)(1) conviction. [1:97-cr-00203, Doc. 29: Judgment; Doc. 50: Presentence Report (PSR) at 1]. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, contending that he received ineffective assistance of counsel. Petitioner's appellate counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and Petitioner filed a *pro se* supplemental brief.  The Court affirmed, noting that the ineffective assistance claim should be raised in a § 2255 motion. <u>See</u> <u>United States v. McKenzie</u>, 172 F.3d 865, 1999 U.S. LEXIS 1779 (4th Cir. 1999) (unpublished table decision).

On January 26, 2000, Petitioner filed a § 2255 motion to vacate raising various challenges, including trial court error and claims of ineffective assistance of counsel.  [Civil Case No. 1:00-cv-00012, Doc. 1: Motion to Vacate].  The Court denied Petitioner's motion to vacate on February 24, 2000.  [<u>Id.</u>, Doc. 2: Memorandum and Order].  Petitioner did not appeal.

---

the terms of the plea agreement.   [Criminal Case No. 1:97-cr-00203, Doc. 50: Presentence Report ¶ 2].

The Court received Petitioner's present motion to vacate on August 25, 2014. [Doc. 1]. In this second § 2255 motion, Petitioner asserts that he received ineffective assistance when his counsel failed to challenge the use of his prior State convictions to support his designation and sentence as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines Manual. Specifically, Petitioner contends that his prior convictions were classified as misdemeanors under North Carolina law and therefore these convictions cannot support his career offender designation. [Doc. 1 at 4, 6].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255]

must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Court notes that Petitioner has already filed an unsuccessful § 2255 motion and he has provided no evidence that he has obtained the necessary authorization from the Court of Appeals to file a successive petition. Based on the foregoing, the Court finds that it is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (2003).[2]

---

[2] In seeking relief from his designation as a career offender, Petitioner cites the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), which was held to apply retroactively to cases on collateral review. See Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013). Petitioner also relies on the Fourth Circuit's recent decision in Whiteside v. United States, 748 F.3d 541, reh'g en banc granted, __ F. App'x __, 2014 WL 3377981 (4th Cir. Jul. 10, 2014). Petitioner's reliance on these decisions, however, is misplaced. First, while the Miller Court held that Simmons applied retroactively to cases on collateral review, it did not declare that the Supreme Court had determined that a new constitutional rule of law applied retroactively so as to satisfy the gatekeeping provision of § 2255(h)(2). Second, in Whiteside, the Fourth Circuit held in a vigorously contested 2-1 decision that an erroneous application of the career offender enhancement could represent a fundamental miscarriage of justice that

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as a successive petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

---

was cognizable on collateral review. The petitioner in Whiteside, however, had never filed a § 2255 motion prior to the one at issue in that case, and thus, the Court therefore did not consider (and in fact, had no reason to consider) whether the provisions of § 2255(h)(2) would be satisfied such that this issue could be raised in a successive § 2255 motion.

**IT IS SO ORDERED.**

Signed: October 21, 2014

Martin Reidinger
United States District Judge